IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
SPENCER L. LINDSAY,            )
                               )
                  Plaintiff,   )    CIVIL ACTION
                               )
v.                             )    No.  12-3167-MLB
                               )
EMMALEE CONOVER,               )
                               )
                  Defendant.   )
                               )
```

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion to dismiss. (Docs. 8, 10). The motion has been fully briefed and is ripe for decision. (Docs. 9, 19, 20). In a motion to dismiss, the court must accept as true well pleaded factual allegations, but also consider whether "they plausibly give rise to an entitlement to relief." Ashcroft v. Iqubal, 129 S. Ct. 1937, 1949–50, 173 L. Ed.2d 868 (2009). It is not the court's role to weigh potential evidence that the parties might present at trial, but rather to determine whether plaintiff's complaint states a legally sufficient claim upon which the court can grant relief. Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). In a motion to dismiss, the court is not permitted to consider matters outside the complaint without converting the motion into one for summary judgment. Alexander v. Okla., 382 F.3d 1206, 1214 (10th Cir. 2004).

As exhibits to the motion to dismiss, defendant submitted a copy of the mandate from the Kansas Court of Appeals, the sentencing decision from the district court, a copy of the sentencing decision showing the date of receipt by the Kansas Department of Corrections

and an electronic printout of plaintiff's criminal record. Court decisions can be considered without converting the motion to dismiss into one for summary judgment. See Peterson v. Saperstein, No. 06-4314, 2008 WL 515030 (10th Cir. Feb. 27, 2008). However, the court may not take judicial notice of when a party received a sentencing decision.

In response to defendant's motion, plaintiff contends that he would like to be given the opportunity to present evidence if the court chooses to consider the exhibits offered by defendant. Fed. R. Civ. P. 12(d) provides: "If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Therefore, the court will convert the motion into one for summary judgment. Pursuant to Fed. R. Civ. P. 12(d), the parties must be given an opportunity to present material for the court's consideration. Defendant may file a supplemental brief and any additional exhibits by November 23. Plaintiff may file a supplemental response and any additional exhibits by December 14.

IT IS SO ORDERED.

Dated this 30th day of October 2012, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

-2-